

**U.S. Department of Justice**

*United States Attorney*
*Middle District of North Carolina*

---

*101 South Edgeworth Street*      *Phone (336) 333-5351*
*P. O. Box 1858*
*Greensboro, NC 27401*      *Criminal Fax (336) 333-5381*
     *Civil Fax (336) 333-5257*
     *Administration Fax (336) 333-5561*

July 30, 2013

The Honorable Patricia S. Connor
United States Court of Appeals
  for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

Re: *United States v. William Devon McManus*
    No. 12-4901
     Fed. R. App. P.28(j) and Local R. 28(e) submission of
    additional authority

Dear Ms. Connor:

     The issue on appeal is whether the Defendant's child pornography file-sharing activity through the peer-to-peer program "GigaTribe" supported a five-point distribution enhancement as found by the district court, or a two-point enhancement as argued by the Defendant. Defendant's Brief, 3; Government's Brief, 4. The Government brings to the Court's attention the U.S. Sentencing Commission, Report to Congress: Federal Child Pornography Offenses, http://www.ussc.gov/Legislative_and_Public_Affairs/Congressional_Testimony_and_Reports/Sex_Offense_Topics/201212_Federal_Child_Pornography_Offenses/Full_Report_to_Congress.pdf (visited July 30, 2013)(hereinafter, "Report"). With recognition that the Report is not law and that the Sentencing Guidelines have not been amended by Congress since the Report's publication, it is nonetheless an extensive study of the current issues involving child pornography offenses, including peer-to-peer file sharing.

     The section of the 468-page Report relevant to this case is "Peer-to-Peer File Sharing." Report, 48-53. That section begins with an explanation "[t]raditional open P2P file sharing, [which] permits 'impersonal' sharing of files." *Id*. at 52. The section concludes with

the following paragraph, which distinguishes GigaTribe from the "open" peer-to-peer file-sharing networks:

> P2P networks have continued to evolve and newer P2P networks incorporate more sophisticated features, some of which are described below such as "chat" and "social networks." These networks, such as Gigatribe or OneSwarm, can operate as "closed" P2Ps when compared to "open" P2P networks such as the early iterations of LimeWire. Gigatribe and others allow individuals to create their own private networks to which the individual can invite or remove "friends" as well as decide which specific files to share and with whom. As these networks are closed communities of individuals they are sometimes called "friend to friend" or "F2F" as opposed to P2P. Invited users may browse, search for, and download files in their network and chat with other users, all while relying on encryption and relative anonymity to protect themselves from identification. Gigatribe is rapidly growing in popularity and advertises itself as "private, secure, unlimited file sharing software." Gigatribe and its progeny require more personal involvement of the offender who selects which files to distribute and to whom. "Personal" distribution involves some type of directed action — either direct communication (e.g., "closed" P2P technologies Gigatribe, emailing or instant messaging) or sharing images in a specific Internet forum specifically devoted to child pornography (e.g., a child pornography "chat-room").

*Id*. at 53 (internal citations omitted).

This description of GigaTribe's requirement of more personal involvement of the offender in a closed online community highlights the basis of the Defendant's enhancement under U.S.S.G. § 2G2.2(b)(3)(B), for distribution for the receipt, or expectation of receipt, of a thing of value.

                                      Very truly yours,


                                      Anand P. Ramaswamy


cc: Eugene E. Lester, III, Esq.